J-S45023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :
            v.                            :
                                        :
                                        :
TISEIM WILLIAMS                     :
                                        :
            Appellant          :    No. 1859 EDA 2018

Appeal from the PCRA Order Entered May 31, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000424-2016

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                  **FILED AUGUST 28, 2019**

Tiseim Williams (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court detailed the pertinent facts and procedural history of this case as follows:

> On November 22, 2015, [Appellant] and two other men decided to rob Jonathan Mervin while he was asleep in his car.  [N.T., 10/27/16, at 16-17].  During the course of the robbery, the victim was shot five times and died as a result of his wounds.  *Id.* at 17.  Later, [Appellant] gave a statement to police admitting that he participated in the robbery, but only as a lookout.  *Id.*  One of the co-conspirators told police that [Appellant] was the one who shot the victim.  *Id.*  The murder weapon was recovered and [Appellant's] DNA was found on the weapon, though police were told the gun was passed between several people before the robbery occurred.  *Id.* at 17-18.

---

[*] Retired Senior Judge assigned to the Superior Court.

On November 22, 2015, [Appellant] was arrested and charged with the shooting death of Mr. Mervin. . . . [Appellant] agreed to plead guilty to one count of third-degree murder, one count of conspiracy, and one count of robbery. In exchange, the Commonwealth agreed to recommend a sentence of 30 [to] 60 years [of] incarceration. The negotiated sentence for each charge was as follows: 1) 20-40 years on the charge of third-degree murder; 2) 10-20 years on the charge of conspiracy, consecutive to the murder charge; and 3) 10-20 [years] on the charge of robbery, concurrent to the murder charge. *Id.* at 3-4.

On October 27, 2016, this matter was listed before [the trial court] in order for [Appellant] to plead guilty and be sentenced. *Id.* . . . Before [Appellant] pled guilty to the charges, the [trial court] asked if he read and reviewed the Written Guilty Plea Colloquy form with his attorney. *Id.* at 5-7. [Appellant] stated that he read and understood the document, that he understood the terms of the guilty plea, and that he signed the document. *Id.* The [trial court] then conducted a colloquy which, *inter alia*, advised [Appellant] that he was not required to plead guilty, he had the absolute right to a trial, and by accepting the guilty plea he gave up the rights he would have if the matter went to trial, as well as most of his appeal rights. *Id.* at 7-11. [Appellant] stated that he understood that: 1) he did not have to plead guilty; 2) he had a right to a trial; and 3) by pleading guilty he gave up the rights he would otherwise have if the case went to trial. *Id.* at 11-12. Finally, [Appellant] stated that he wished to accept the negotiated guilty plea. *Id.* The Court asked if his decision to plead guilty was made voluntarily. *Id.* at 14. [Appellant] stated that his decision to plead guilty was voluntary and made of his own free will. *Id.*

The Commonwealth explained the elements of the offenses the Appellant was charged with committing, as well as the maximum penalty and fine each charge carried. *Id.* at 12-15. The Commonwealth presented a summary of the facts in the case. *Id.* at 16-18. [Appellant] acknowledged the summary of facts accurately reflected what happened and based upon the facts he was prepared to plead guilty to the charges. *Id.* at 19. [Appellant] stated that, except for the terms of the negotiation, no one offered him anything in exchange for his guilty plea and no one threatened him in order to force him to plead guilty. *Id.* [Appellant] stated that he was making the decision to plead guilty voluntarily and of his own free will. *Id.*

[Appellant] was arraigned and pled guilty to one count of third-degree murder, one count of conspiracy to commit robbery, and one count of robbery. *Id.* at 20-21. [Appellant] waived a presentence investigation and a mental health evaluation. *Id.* at 22. . . . [The trial court] sentenced [Appellant] in accordance with the negotiated guilty plea. *Id.* at 41-42. [Appellant] was advised of his post-sentence and appeal rights. *Id.* at 42-45.

[Appellant] did not file a post-sentence motion or a direct appeal. On September 28, 2017, [Appellant] filed a timely *pro se* PCRA petition, seeking release from custody and discharge because: 1) [the trial court] did not have jurisdiction over this matter; 2) the sentence was illegal; 3) ineffective assistance of counsel; and 4) he did not enter the negotiated plea deal voluntarily or knowingly.

[PCRA Counsel] was appointed . . . for [Appellant] on December 11, 2017. On February 20, 2018, [PCRA] counsel filed a motion to withdraw as counsel and a no merit letter pursuant to [***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),] which only addressed [Appellant]'s ineffective assistance of counsel and voluntariness of the plea agreement claims. On April 18, 2018, counsel filed an amended no merit letter which addressed [Appellant]'s jurisdictional and illegal sentence claims. On April 26, 2018, after an independent review, [the PCRA court] filed, and sent via certified mail to [Appellant], a "Notice of Intent to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 907" ("907 Notice"). [The PCRA court] found that all claims asserted by [Appellant] were without merit.

On May 3, 2018, [Appellant] sent a response to the 907 Notice, asserting that his PCRA counsel was ineffective. After consideration of [Appellant's] response and further finding his claims lacked merit, [the PCRA court] formally dismissed this matter and granted [PCRA] counsel's motion to withdraw on May 16, 2018 pursuant to Pa.R.Crim.P. [] 907.

[Appellant] filed a "Notice of Appeal," *pro se*, pursuant to Pa.R.A.P. 905, on June 12, 2018. [The PCRA court] ordered [Appellant] to file a concise statement of matter[s] raised on appeal, pursuant to Pa.R.A.P. 1925(b), on June 26, 2018. [Appellant filed] his "Statement of Matters Complained of on

- 3 -

Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925" ("1925(b) Statement") on August 20, 2018.

PCRA Court Opinion, 8/24/18, at 2-6 (footnote omitted).

Appellant presents a single issue for our review:

Whether the [PCRA] court erred in denying [Appellant's] PCRA petition deeming his guilty plea as knowingly[,] intelligently[,] and voluntar[ily] entered.

Appellant's Brief at 6 (unnumbered).

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Appellant's sole issue on appeal challenges Plea Counsel's effectiveness in relation to Appellant's guilty plea. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective

- 4 -

assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." ***Id.*** (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is

- 5 -

aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590.

Appellant argues that Plea Counsel was ineffective because he informed Appellant that the negotiated sentence was 15 to 30 years of incarceration when the trial court ultimately sentenced Appellant to 30 to 60 years of incarceration. Appellant asserts that Plea Counsel's ineffectiveness resulted in a guilty plea that was not knowing, voluntary, or intelligent because he would not have pled guilty if he knew he was going to receive the 30 to 60 year-sentence.

There is no record support for Appellant's claim. As recounted by the PCRA court, Appellant received an extensive colloquy at his guilty plea hearing, during which the court informed Appellant of the nature of the charges to which he pled, the factual basis for the plea, his right to a jury trial, the presumption of innocence, and the permissible ranges of sentences and fines. N.T., 10/27/16, at 5-20. Additionally, at the outset of the hearing, the trial court explicitly stated that the negotiated sentence Appellant would

receive was 30 to 60 years of incarceration. *Id.* at 4. Appellant did not express any misunderstanding regarding his sentence. *See id.* at 15, 19. It is well settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (quotations and citations omitted). Thus, not only did the trial court engage Appellant in an extensive guilty plea colloquy which covered all of the factors set forth in *Kelley*, but the court expressly informed him of the terms of the negotiated sentence.

Further, the record contains no evidence that Appellant ever received an offer of 15 to 30 years of incarceration. *See Turner*/*Finley* No-Merit Letter, 2/20/18. In sum, there is no record support for Appellant's claim that he entered his guilty plea based on the improper advice of Plea Counsel. Therefore, the PCRA court correctly determined that Appellant's guilty plea was knowing, voluntary, and intelligent. *See Kelley*, 136 A.3d at 1013; *see also* Pa.R.Crim.P. 590. Accordingly, we conclude that Appellant's ineffective assistance of counsel claim is meritless, and the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition. *See Bomar*, 104 A.3d at 1188; *Barndt*, 74 A.3d at 192.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/19</u>